## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SAUERS, Individually          :          CIVIL ACTION
and as Administrator of the ESTATE    :
OF CAROLA R. SAUERS, Deceased,        :          JUDGE_____
1250 Station Street                   :
Lehighton, PA  18235                  :
                                      :
                   Plaintiffs         :
                                      :          NO._____
              vs.                     :
                                      :          ELECTRONICALLY FILED
STEPHEN HOMANKO                       :
40 Third Street                       :
Beaver Meadows, PA  18216             :
              &                       :
BOROUGH OF NESQUEHONING               :
114 West Catawissa Street             :
Nesquehoning, PA  18240               :
              &                       :
SEAN SMITH                            :
Chief of Police, Nesquehoning Borough :
Police Department                     :
337 West Railroad Street              :
Nesquehoning, PA  18240               :
                                      :          JURY TRIAL DEMANDED
                                      :
                   Defendants         :

## <u>COMPLAINT</u>

Plaintiffs, MICHAEL SAUERS, Individually, and as Administrator of the

ESTATE OF CAROLA R. SAUERS, Deceased, by their undersigned counsel,

hereby files this Complaint:

## JURISDICTION

1.     This is an action brought pursuant to 42 U.S.C. §1893.  Subject matter jurisdiction is granted to this Court pursuant to 28 U.S.C. §1331 and 1343 and the aforementioned statutory provision.  Plaintiffs further invoke the supplemented jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and adjudicate State law claims.

2.     The amount in controversy exclusive of interests and costs exceeds the sum of One Hundred and Fifty Thousand Dollars ($150,000.00).

## VENUE

3.     All of the claims herein arose within the district court and involve Defendants within this district.  Venus is invoked pursuant to 28 U.S.C. §1391.

## PARTIES

4.     Plaintiff, Michael Sauers, is and adult individual who resides at 1250 Station Street, Lehighton, Carbon County, Pennsylvania 18235.

5.     Plaintiff, Michael Sauers, is the Administrator of the Estate of Carola R. Sauers, deceased.  Carola R. Sauers died when she was struck by a police vehicle being driven by Defendant, Stephen Homanko, and an Officer with the Borough of Nesquehoning on May 12, 2014.  Michael Sauers was appointed of the

2

Estate of Carola R. Sauers by the Register of Wills of Carbon County on July 15, 2014, Estate Number 4014-1127.

6.     Defendant, Borough of Nesquehoning, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Nesquehoning Borough Police Department which employs Defendant, Chief Sean Smith and did employ at the time of this incident Defendant, Officer Stephen Homanko.

7.     Defendant, Sean Smith, is the Chief of Police of Nesquehoning Borough Police Department and an Officer acting under color of State Law. Defendant Sean Smith is being sued in his individually capacity.  Sean Smith, at all times relevant, was acting within the course and scope of his employment as the Chief of Police of the Nesquehoning Borough Police Department.

8.     Defendant Stephen Homanko was a police officer with the Nesquehoning Borough Police Department, at all times relevant, and acting under color of State Law.  Stephen Homanko is being sued in his individual capacity. Stephen Homanko, at all times relevant, was acting within the course and scope of his employment as a Nesquehoning Borough Police Officer.

## FACTUAL BACKGROUND

9.     On or around the evening of May 12, 2014, Michael Sauers was operating a 2007 Toyota Yaris traveling Southbound on Route 209 in the Borough of Nesquehoning.  His wife Carola Sauers was a front seat passenger in the vehicle operated by her husband.

10.     At the same time, Stephen Homanko was on duty as a Police Officer and operating a 2009 Ford Crown Victoria police cruiser owned by Nesquehoning Borough.  Prior to the subject collision, members of the public observed Stephen Homanko driving careless and  at a high rate of speed for no apparent reason at several locations in the Borough.

11. Stephen Homanko observed a yellow Dodge Neon, traveling on SR 209 in the opposite direction that he was traveling, commit a potential  summary traffic offense.  Stephen Homanko had no knowledge of any actual or potential other illegal conduct committed by the driver of the yellow Dodge Neon.

12. Based solely upon his observation of this summary traffic offense, Stephen  Homanko turned his vehicle around and began a pursuit of the yellow Dodge Neon.

4

13.    Stephen Homanko had the opportunity to deliberate about his decision to pursue the yellow Dodge Neon. In fact, he decided to radio ahead to the Jim Thorpe Borough Police Department to request that they apprehend the yellow Dodge Neon when it arrived in Jim Thorpe Borough.  The Jim Thorpe Police did pull over the yellow Dodge Neon when it arrived in the Borough, but they did not arrest the driver or charge her with any traffic violation or any other crime.

14 . Despite the fact that Stephen Homanko knew that the only potential offense the driver of the yellow Dodge Neon committed was a summary traffic violation and despite the fact that he had sufficient opportunity to deliberate his decision prior to engaging in a high speed pursuit of the yellow Dodge Neon, with deliberate indifference to the safety of the Plaintiffs and other members of the traveling public, Stephen Homanko engaged in a high speed pursuit of the yellow Dodge Neon and accelerated his police cruiser to a speed in excess of 100 mph in the Northbound lane of the aforesaid Route 209, in an effort to catch up to and apprehend the yellow Dodge Neon.

15.    While traveling at a high rate of speed, at times in excess of 100 mph, Stephen  Homanko failed to negotiate a curve in the said roadway and lost control of his police cruiser.  The police cruiser started to spin in a clockwise direction and

crossed completely over the center line into the southbound lane of travel directly

into the path of the vehicle occupied by the Sauers, which was lawfully traveling

entirely in its proper lane of travel.

16.   The police cruiser collided violently with the Sauers' vehicle in the

Southbound lane.  As a result of the actions of Stephen Homanko leading up to the

subject collision, he has been charged criminally. The criminal charges pending

against Stephen Homanko include Homicide by Vehicle and Aggravated Assault

by Vehicle, both Felonies of the 3rd degree, Involuntary Manslaughter, a

misdemeanor of the 1st degree and other misdemeanors and summary charges.

17.   Upon arrival by EMS personnel to the scene of the collision, Carola

Sauers was extricated from the vehicle and was found in acute distress, unable to

breathe, had a left eye laceration, soft closed wound to her head, open wound to

her face, blunt injury to her chest, and blunt injury to her abdomen.  Corola Sauers

was secured on a backboard and C-collar applied to her cervical spine and loaded

in an ambulance for transport to Panther Valley Elementary School for a life flight

helicopter transport to St. Luke's Trauma Hospital in Bethlehem, Pennsylvania.

During helicopter transport, Carola Sauers' breathing became more labored and she

had to be intubated and her heart rate dropped as well.  In the trauma unit at St.

Luke's Hospital, Carola Sauers heart rate continued to drop and her pulse was lost

as well. Chest compressions were performed and once stabilized, she was taken into surgery where an exploratory laparotomy was performed to assess her abdominal injuries. Carola Sauers was found to have massive hemoperitoneum, extensive presence of blood in her peritoneal cavity, her small bowel was avulsed off it mesentery and there was severe injury to the superior mesenteric vein. On the operating table, Carola Sauers' cardiac rhythm deteriorated and compressions were performed. She was given another round of medication and was shocked once. Carola Sauers did not respond to these resuscitation efforts and was pronounced dead at 8:53 p.m.

18.    Likewise, Michael Sauers was extricated from the vehicle upon arrival by EMS personnel to the crash scene. He was taken via separate ambulance and life flight to St. Luke's Trauma Hospital in Bethlehem. Michael Sauers was diagnosed with multiple injuries, some of which required surgical intervention, including non-displaced fracture of the left 1st and 2nd ribs with left lung apex contusion, displaced fracture of the left 9th rib, T11 compression fracture/L2 superior endplate fracture, left clavicle fracture, thoracic compression fracture/ lumbar superior endplate fracture, manibural fracture with retrosternal hematoma, right acetabulum, pulmonary contusions and T8-9 epidural hematoma. Michael

Sauers underwent inpatient as well as outpatient rehabilitation for almost a year in order to recover from the injuries he sustained in the accident.

19.    At the time the above referenced pursuit took place, Chief Sean Smith failed to have in place and/or follow and/or train his officers in proper police protocol with regard to "police pursuits" and the use of high speed pursuit of summary offenders, which resulted in the aforementioned collision.

20.    As a result of the subject collision, Plaintiffs Michael Sauers and Carola Sauers suffered internal injuries and other injuries resulting in severe pain and suffering, disfigurement and the untimely death of Carola Sauers.

21.    The negligent, careless, wanton and willful actions of each of the Defendants were undertaken with a reckless disregard for the lives and safety of Michael Sauers and Carola Sauers and with deliberate indifference to the rights of Michael Sauers and Carola Sauers.

22.    The actions of each of the Defendants were undertaken deliberately/recklessly, and with knowledge that there was a high degree of probability of harm and with reckless indifference to the consequences, including death, which were likely and did occur to Michael Sauers and Carola Sauers.

23.    The actions of each of the Defendants were undertaken deliberately and with the knowledge that they were violating all standard "police pursuit" procedures and policies in effect at that time.

24.    All Defendants acted negligently, recklessly and with deliberate indifference in unnecessarily and unreasonably creating the dangerous situation which led to Michael Sauers and Carola Sauers being struck by the police vehicle.

25.    All Defendants created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel, including officers who would engage in the improper, illegal and unnecessary "police pursuits".

26.    All Defendants created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel in the enforcement of the use of "police pursuit" provisions/guidelines.

27.    All Defendants created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel, including officers, in the proper procedure for initiating and continuing in "police pursuit".

28.    The acts/omissions of all Defendants and through their duly authorized agents, servants, workers, employees and/or representatives were committed negligently, recklessly, carelessly, wantonly, maliciously, unlawfully, and unconstitutionally, and by conduct so egregious so as to shock the conscious and all sense of decency.

29.    The acts and/or omissions to act of all Defendants and through their duly authorized agents, servants, workers, employees and/or representatives were committed without due regard and with wanton and reckless disregard to the health, safety and welfare of Michael Sauers and Carola Sauers.

30.    Defendants, individually and  by and through their duly authorized agents, servants, workmen, employees, and/or representatives, knew or should have known that they were violating the constitutional rights of Michael Sauers and Carola Sauers including their right to freedom from: state created danger, deliberate indifference to their safety; and violations of the right to life secured to Michael Sauers and Carola Sauers by the provisions of the Constitution, including the Fourteenth Amendment of the Constitution of the United States and by 42 U.S.C.§1983.

31.   As a direct and proximate result of the negligence, recklessness, carelessness, wrongful, illegal and unconstitutional acts and omissions of the Defendants, individually and by and through their duly authorized servants, workers, employees and/or representatives, Michael Sauers and Carola Sauers were caused to suffer serious injuries, including those that resulted in the death of Carola Sauers.

32.   As a direct and proximate result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the Defendants, individually and by and through their duly authorized agents, workers, employees and/or representatives, the Estate of Carola Sauers was required to expend large sums of money for hospital and funeral expenses.

33.   As a direct and proximate result of the negligence, recklessness, carelessness, wrongful, and unconstitutional acts and omissions of the Defendants, individually and by and through their duly authorized agents, servants, workers, employees and/or representatives, Michael Sauers and Carola Sauers had pain, suffering and loss of life's pleasures.

34.   As a direct result of the negligence, recklessness, carelessness, wrongful, illegal and unconstitutional acts and omissions of all Defendants, individually and by and through their duly authorized agents, servants, workers,

employees and/or representatives, Michael Sauers and Carola Sauers were

deprived of precious rights, privileges and immunities, including the enjoyment of

life's pleasures secured unto them by the Constitution of the United States and by

42 U.S.C.§1983.

35.    As a direct result and proximate result of the negligence, recklessness,

carelessness, wrongful, illegal, and unconstitutional acts and omissions of all

Defendants, individually and by and through their duly authorized agents, servants,

workers, employees and/or representatives, Michael Sauers and Carola Sauers

suffered loss of earnings and/or impairment of earning capacities or earning power.

36.    As a direct result of said acts of all Defendants, Michael Sauers and

Carola Sauers suffered the following injuries and damages:

a.    violation of their constitutional rights guaranteed under the

Fourteen Amendment to the United States Constitution, including the right to be

free from deliberate indifference to their safety, and the right to be free from state

created dangers;

b.    Michael Sauers suffered physical injury, pain and suffering and

emotional trauma and suffering including non-displaced fracture of the left 1st and

2nd ribs with left lung apex contusion, displaced fracture of the left 9th rib, T11

compression fracture/L2 superior endplate fracture, left clavicle fracture, thoracic

compression fracture/ lumbar superior endplate fracture, manibural fracture with retrosternal hematoma, right acetabulum, pulmonary contusions and T8-9 epidural hematoma and the loss of the life of his wife, Carola Sauers;

      c.    Carola Sauers suffered physical pain and suffering and emotional trauma and suffering including massive internal injuries and cardiac arrest which resulted in her loss of life after she was extracted from the vehicle, taken by ambulance to a life flight helicopter, operated on in the trauma unit of the hospital and attempted to be revived several times by the introduction of massive electric shock to her body;

    37.    The actions of each of the Defendants violated the following clearly established and well settled federal constitutional rights of Michael Sauers and Carola Sauers:

      a.    Right to be free from deliberate indifference to their safety; and

      b.    Right to be free from state created danger.

## NATURE OF THE ACTION

    38.    Plaintiffs allege that the individual Defendants, in the course and scope of their employment within the Borough of Nesquehoning, as members of the Nesquehoning Borough Police Department, failed to have an adequate policy

in place governing police pursuits; failed to properly train its officers in the conduct of such pursuits; and failed to properly supervise its officers during such pursuits; and engaged in an unnecessary high speed pursuit.

39.     Defendants established, recognized, accepted policies, procedures, customs and/or practices of the Nesquehoning Borough Police Department, which included, at relevant times, the condoning and/or acquiescing to the violation of constitutional rights of citizens, including but not limited to, a policy, procedure, custom or practice of their rights in violation of federal statutes, including 42 U.S.C. §1983.

40.     As set forth below, Plaintiffs assert separate claims against the individual Defendants and a *Monell* claim, identified herein, against Defendant Borough of Nesquehoning for deliberate indifference to serious safety needs, state created danger,  negligence, Wrongful Death and Survival Actions, and violations of Plaintiffs' rights, due to the Borough of Nesquehoning's failure to train and supervise the individual Defendants, claims brought pursuant to <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658 (1978).  Plaintiffs seek remedies pursuant to federal statutes, including 42 U.S.C. §1983 and §1988, damages at law, for violating Plaintiffs' right to be free from deliberate indifference to their safety and right to be free from state created danger and by rights provided by the United States

Constitution.  Plaintiffs also seek civil damages pursuant to common law for

claims pendent to this matter brought for state law actions sounding in negligence,

wrongful death and survival actions.

## COUNT I
## VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983
## PLAINTIFFS V. SEAN SMITH

41.     Plaintiffs incorporate paragraphs 1 through 40 above as though fully

set forth herein at length.

42.     Chief Sean Smith, failed to have an adequate policy in place

governing police pursuits for his officers; he failed to properly train his officers in

the conduct of such pursuits; and he failed to properly supervise Stephen

Homanko, before and during the aforementioned pursuit, thereby violating Michael

Sauers and Carola Sauers' rights under the laws of the Constitution of the United

States, in particular, the Fourteenth Amendment, their rights under 42 U.S.C.

§1983.

43.     Chief Sean Smith negligently and unnecessarily with deliberate

indifference created a dangerous situation, thereby directly causing serious injury

to Michael Sauers and the death of Carola Sauers, which is a violation of their

rights under the laws and the Constitution of the United States and, in particular,

the due process clause of the Fourteenth Amendment and their rights under 42
U.S.C. §1983.

44.     As a direct and proximate result of the aforesaid acts of Chief Sean
Smith, which were committed under color of his authority as Borough of
Nesquehoning Police Chief, Michael Sauers suffered grievous bodily injury and
Carola Sauers suffered grievous bodily injury and death which is a violation by
said Defendant of the laws and the Constitution of the United States, in particular,
the Fourteen Amendment to the United States Constitution and 42 U.S.C. §1983,
which makes said Defendant liable to the Plaintiffs.

45.     The acts committed by Chief Sean Smith, with deliberate indifference
and constituting a state created danger caused the previously described injuries to
Michael Sauers and Carola Sauers in violation of their constitutional rights as
previously set forth in the aforementioned paragraphs.

46. Chief Sean Smith, in his Supervisory capacity over Stephen Homanko,
as set forth above and based upon his knowledge of other prior misconduct of
Stephen Homanko pertaining to interacting with the public and inappropriately
operating his police cruiser while on duty, and his failure to discipline or properly

train Stephen Homanko prior to the subject collision constitutes an acquiescence to Stephen Homanko's violation of the Sauers' rights.

47. Chief Sean Smith, in his role as policymaker for the Nesquehoning Borough Police Department, with deliberate indifference to the consequences, established, implemented and maintained a policy or custom of inadequate training and therefore caused Stephen Homanko to conduct a high speed pursuit in an unsafe manner which deprived the Sauers' of life and liberty, which directly caused the constitutional harm to the Sauers'.

**WHEREFORE,** Plaintiffs demand judgment against Sean Smith, individually and/or jointly and severally with all named defendants, in excess of $150,000.00, exclusive of interests and costs, which sum includes but is not limited to:

      a.     a compensatory damage award;

      b.     reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

      c.     reasonable medical and funeral expenses;

      d.     lost wages;

e.     damages for pain and suffering;

f.     punitive damages; and

g.     such other and further relief as appears reasonable and just; all
       other damages recoverable under 42 U.S.C. §1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983
## PLAINTIFFS V. STEPHEN HOMANKO

48.     Plaintiffs incorporate paragraphs 1 through 47 above as though fully
set forth herein at length.

49.     Stephen Homanko engaged in an unlawful high speed pursuit of a
summary offender thereby violating Michael Sauers and Carola Sauers' rights
under the laws of the Constitution of the United States, in particular, the due
process clause of the Fourteenth Amendment and their rights under 42 U.S.C.
§1983.

50.     Stephen Homanko negligently and unnecessarily with deliberate
indifference created a dangerous situation, thereby directly causing serious injury
to Michael Sauers and the death of Carola Sauers, which is a violation of their

rights under the laws and the Constitution of the United States and, in particular, the due process clause of the Fourteenth Amendment and 42 U.S.C. §1983.

51.     As a direct and proximate result of the aforesaid acts of Stephen Homanko, which were committed under color of his authority as Borough of Nesquehoning Police Officer, Michael Sauers suffered grievous bodily injury and Carola Sauers suffered grievous bodily injury and death which is a violation by said Defendant of the laws and the Constitution of the United States, in particular, Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, all of which makes said Defendant liable to the Plaintiffs.

52.     The acts committed by Stephen Homanko constitute deliberate indifference and state created danger upon Michael Sauers and Carola Sauers which caused the previously described injuries to Michael Sauers and Carola Sauers. The actions of Stephen Homanko shocks the conscious, the harm caused to the Sauers was foreseeable and direct, further, the Sauers were foreseeable victims. Stephen Homanko's actions were an affirmative use of his authority in a way that created a danger to the citizens, including the Sauers', that rendered them more vulnerable to danger than had Stephen Homanko not acted at all, all in violation of the Fourteen Amendment to the Constitution of the United States and 42 U.S.C. §1983.

19

**WHEREFORE,** Plaintiffs demand judgment against Stephen Homanko, individually and/or jointly and severally with the other Defendants, in excess of $150,000.00, exclusive of interests and costs, which sum includes but is not limited to:

a.   a compensatory damage award;

b.   reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

c.   reasonable medical and funeral expenses;

d.   lost wages;

e.   damages for pain and suffering;

f.   punitive damages; and

g.   such other and further relief as appears reasonable and just; all other damages recoverable under 42 U.S.C. §1983.

## COUNT III
## CIVIL RIGHTS - MONELL CLAIM (42 U.S.C. §1983)
## PLAINTIFFS V. DEFENDANT BOROUGH OF NESQUEHONING

53.     Plaintiffs incorporate paragraphs 1 through 52 above as though fully set forth herein at length.

54.     Defendant Borough of Nesquehoning failed to have an adequate policy in place governing police pursuits; it failed to properly train its officers in the conduct of such pursuits; it failed to supervise its officers during such pursuits; it permitted or acquiesced to a custom of constitutional deprivation with regard to its police officers engaging in high speed pursuits.

55.     As such, said Defendant acted with deliberate indifference to the rights of persons with whom the police officers come into contact, including Michael Sauers and Carola Sauers.

56.     Said Defendant's actions were the moving force behind the actions of Chief Sean Smith and Stephen Homanko, as specified above.

**WHEREFORE,** Plaintiffs demand judgment against The Borough of Nesquehoning, individually and/or jointly and severally with the other defendants in excess of $150,000.00, exclusive of interests and costs, which sum includes but is not limited to:

21

a.    a compensatory damage award;

b.    reasonable attorney's fees and costs pursuant to 42 U.S.C.
      §1988;

c.    reasonable medical and funeral expenses;

d.    lost wages;

e.    damages for pain and suffering;

f.    punitive damages; and

g.    such other and further relief as appears reasonable and just; all
      other damages recoverable under 42 U.S.C. §1983.

**COUNT IV**
**PENNSYLVANIA COMMON LAW NEGLIGENCE ACTION**
**MICHAEL SAUERS V. STEPHEN HOMANKO**

57.    Michael Sauers incorporate paragraphs 1 through 56 above as though fully set forth herein at length.

58.    Stephen Homanko owed a duty to Michael Saures to operate the vehicle he was driving in a safe and reasonable manner under the circumstances, which duty he breached by engaging in the negligent acts and omissions set forth

herein, and as a direct and proximate result, caused the injuries and damages sustained by Michael Sauers set forth herein.

59.  As a direct and proximate result of the breach of the duty of care owed by Stephen Homanko, the vehicle he was operating impacted into the vehicle operated by Michael Sauers, causing him to suffer the injuries and damages set forth herein.

60.  The conduct of Stephen Homanko is an exception to the immunity provided by the Political Subdivision Tort Claims Act, specifically the applicable exception here is found at 8542(b)(1),which addresses vehicle liability.

61.  Defendant, Stephen Homanko, engaged in a high speed chase of a summary traffic offender in careless and reckless disregard for the rights of Michael Sauers.

62.  Defendant, Stephen Homanko's, negligent and/or careless and/or reckless conduct included, but was not limited to, the conduct set forth above and the following:

     a.    Improperly initiating a police pursuit of a summary traffic offender;

b.     Continuing the high speed pursuit, at speeds in excess of 100 mph, even though he had radioed ahead to the Borough of Jim Thorpe to stop the traffic offender when that offender reached the limits of Jim Thorpe Borough;

c.     Proceeding when doing so presented a risk of harm to Plaintiffs as well as others using the public highway;

d.     Failing to maintain a proper lookout;

e.     Failing to make proper observation for others using the public highways;

f.     Driving too fast for conditions;

g.     Negligence *per se* in:

    1.     Violating Pennsylvania's Driving Vehicle at Safe Speed Statute, 75 Pa. C.S.A. §3361;

    2.     Violating Pennsylvania's Maximum Speed Limits Statute, 75 Pa. C.S.A. §3362; and

3.      Violating the Driving on Roadways laned for traffic

Statute, 75 Pa. C.S.A. §3309.

63.    As a direct and proximate result of the carelessness and negligence of Defendant, Stephen Homanko, Michael Sauers suffered severe injuries as set forth herein.

64.    As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Stephen Homanko,  Michael Sauers has been subjected to pain, suffering, and economic losses individually and associated with the death of his wife, Carola Sauers.

65.    As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Stephen Homanko, Michael Sauers has undergone great physical pain and mental anguish, and Michael Sauers will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

66.    As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Stephen Homanko, Michael Sauers has been prevented or inhibited from attending to and/or fully enjoying his usual daily

routines, activities and pastimes, and may be prevented or inhibited from doing the same in the future, all to his continuing detriment and loss.

**WHEREFORE,** Plaintiff, Michael Sauers, demand judgment in his favor and against Defendant, Stephen Homanko, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with interests, costs, damages for delay and other such other relief as this Honorable Court may deem just and fair.

## COUNT V
## WRONGFUL DEATH
## PLAINTIFFS V. ALL DEFENDANTS

67.    Plaintiffs incorporate paragraphs 1 through 66 above as though fully set forth herein at length.

68.  The Plaintiffs bring this action pursuant to the Pennsylvania Wrongful Death Act , 42 Pa. C.S.A. §8301 and Pa. R.C.P. No. 2202(a).

69.    Plaintiff, Michael Sauers, was appointed Administrator of the Estate of Carola R. Sauers by the Register of Wills of Carbon County and brings this action under and pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301 on behalf of those persons entitled to recover under the Act.  Those persons are as follows:

a.   Michael Sauers
     1250 Station Street
     Lehighton, PA  18235

70.   No action was brought by either decedent or on her behalf during her lifetime, and no other action for the cause of decedent's death has been brought against the Defendants.

71.  As a direct and proximate result of the Defendants' negligence, Plaintiffs suffered, and the Defendants are liable for, the following damages:

a.  Funeral expenses for Carola  Sauers;

b.  Expenses of administration related to Carola Sauers' injuries;

c.  Michael Sauers' loss of the contribution, support, consortium, comfort, counsel, aid, association, care and services of Carola Sauers;

d.  Such other damages as are permissible in a wrongful death action.

72.   As a direct and proximate result of each of the Defendants' conduct, as set forth above, the Decedent's survivors have been deprived of her aid, association, support, consortium, protection, comfort, care and society and her respective share in such estate as the Decedent might have accumulated during her natural life expectancy.

27

WHEREFORE, Plaintiffs demand judgment against all Defendants, individually and/or jointly and severally in excess of $150,000.00, together with interests, costs and delay damages, pursuant to Pa. R. C. P. 238.

## COUNT VI
## SURVIVAL CLAIM
## PLAINTIFFS V. ALL DEFENDANTS

73.    Plaintiffs incorporate paragraphs 1 through 72 above as though fully set forth herein at length.

74. Plaintiff, Michael Sauers, individually, and as Administrator of the Estate of Carola Sauers brings this survival action under 20 Pa. C.S.A. § 3373 and, 42 Pa. C.S.A §8302.

75.  As a direct and proximate result of the aforesaid acts of negligence of Defendants, Carola Sauers suffered, and the Defendants are liable for, the following damages:

a. Carola Sauers' pain and suffering between the time of her injuries and the time of her death;

b.  Carola Sauers' total estimated future earnings power, less her estimated cost of personal maintenance;

c. Carola Sauers' loss of retirement and Social Security income;

d. Carola Sauers' other financial losses suffered as a result of her death;

e. Carola Sauers' loss of enjoyment of her life.

f. Such other damages as are permissible in a Survival Action.

**WHEREFORE,** Plaintiffs demand judgment against all Defendants, individually and/or jointly and severally in excess of $150,000.00, together with interests, costs and delay damages, pursuant to Pa. R. C. P. 238.

## COUNT VII
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY
## REGARDING PENNSYLVANIA STATE LAW CLAIMS
## PLAINTIFFS V. BOROUGH OF NESQUEHONING

76.     Plaintiffs hereby incorporate paragraphs 1 through 75 above as if the same were set forth more fully at length herein.

77.     At all times relevant herein, Defendant, Stephen Homanko was acting or failing to act, in his capacity and/or in the scope of his employment as an agent, servant or employee of the Borough of Nesquehoning and  was engaged in the furtherance of the business of the Borough.

78.    As a direct and proximate result of the above-described negligent acts and omissions of the Borough of Nesquehoning, acting by and through Stephen Homanko, Plaintiffs sustained and suffered the injuries which are set forth above and have suffered the damages set forth in Counts IV, V and VI above.

WHEREFORE, Plaintiffs demand judgment against The Borough of Nesquehoning, in excess of $150,000.00, together with interests, costs and delay damages, pursuant to Pa. R. C. P. 238.

### JURY TRIAL DEMANDED

Plaintiffs hereby demand Trial by Jury on all issues so triable.

Respectfully submitted,

MERWINE, HANYON & KASPSZYK, LLP

MICHAEL B. KASPSZYK, ESQUIRE
Attorney I.D. # 67507
2642 Route 940
Pocono Summit, PA  18346
(570) 839-8050
mbk@mhkattorneys.com