IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SAUERS, Individually, et al. | : | No. 3:16-CV-00811 |
| | : | |
| Plaintiffs | : | (HON. JAMES M. MUNLEY) |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BOROUGH OF NESQUEHONING, et al. | : | |
| | : | *ELECTRONICALLY FILED* |
| Defendants | : | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT, STEPHEN HOMANKO'S, MOTION TO DISMISS**

## I.     STATEMENT OF THE CASE

### A. Procedural History:

Plaintiffs filed suit against Defendant, Officer Homanko pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1367. Officer Homanko filed a motion to dismiss the federal claims against him pursuant to Fed R. Civ. P. 12(b)(6), which is pending before the Court.

### B. Facts alleged in Complaint:

Officer Homanko engaged in a high speed pursuit in speeds of excess of 100 mph, despite the fact that he knew that the only potential offense the driver he was chasing committed was a summary traffic violation.  (Discovery will show

1

that the summary offense was that a yellow neon may have made an illegal pass on the left hand side.) While driving in excess of 100 mph, Officer Homanko lost control of his police cruiser, which crossed the centerline of the roadway and violently impact into the Plaintiffs' vehicle. The collision resulted in Carola Sauers' death and serious injury to Michael Sauers.

## II.    QUESTIONS INVOLVED:

Do the Plaintiffs state a claim for relief under 42 U.S.C. §1983 and/or the United States Constitution against Officer Homanko?

Suggested Answer: Affirmative.

## III.    ARGUMENT:

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6) all factual allegations, and all reasonable inferences there from, must be accepted as true and viewed in a light most favorable to the plaintiff. "The issue is not whether the plaintiff will prevail in the end but only whether the Plaintiff should be entitled to offer evidence to support its claim." Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed. 2d 338 (1989).

### A.  **Plaintiffs have sufficiently plead a plausible claim for relief.**

The court must determine whether the pleading at issue "contains sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing,* Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." Conte v. Rios, 2015 WL 5093335 (*quoting* Iqbal, 556 U.S. at 679). Plaintiffs' complaint does state a claim for a violation of rights secured by the United States Constitution and a claim for relief pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 against Officer Homanko, for the reasons set forth *infra*.

**B.  Plaintiffs have sufficiently plead the "state created danger" theory.**

Plaintiffs allege that Officer Homanko's actions constituted a state created danger which deprived them of life and liberty in violation of the due process clause of the Fourteenth Amendment.  For a claim based on state-created danger to survive, plaintiffs must plead four elements:

(1)  The harm ultimately caused was foreseeable and fairly direct;

(2)  A state actor acted with a degree of culpability that shocks the conscience;

(3)  A relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

3

(4)  A state actor affirmatively used his or her authority in a way that created

a danger to the citizen or that rendered the citizen more vulnerable to

danger than had the state not acted at all.

Henry v. City of Erie, 728 F. 3d 275, 282 (3d Cir. 2013).

### 1. Plaintiffs have sufficiently plead that the harm ultimately caused was foreseeable and fairly direct.

"To fulfill the "fairly direct" requirement of the state-created danger claim,

the plaintiff must plausibly allege that state officials' actions "precipitated or were

the catalyst for" the harm for which the plaintiff brings suit. Morse v. Lower

Merion School Dist., 132 F. 3d 902, 910 (3d Cir. 1997).

The Complaint clearly alleges that Officer Homanko's actions were the

direct cause of the harm to the Plaintiffs.  Officer Homanko initiated a high speed

police chase in excess of 100 mph of a vehicle which at most had engaged in a

summary traffic violation with deliberate indifference towards the safety of the

Plaintiffs which resulted in his losing control of his vehicle, which crossed the

center line of the highway and impacted directly into the Plaintiffs' vehicle.

Therefore, the factual allegations set forth in the Complaint, specifically

paragraphs 9-16, satisfy the "fairly direct" requirement.

## 2. Plaintiffs have sufficiently plead that the actions of Officer Homanko "Shock the Conscience."

"The determination of whether police conduct 'shocks the conscience' depends on the facts and circumstances of a particular case." Cty of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). The Court in Lewis held that conduct that rises to the level of shocking the conscience is "conduct intended to injure in some way unjustifiable by any government interest…" Lewis 523 U.S. at 849. However, the officers in Lewis were faced with lawless behavior, flight from their investigation by a suspect. There the officer's had done nothing to cause the high-speed getaway and their reaction had to be instantaneous. Davis v. Twp of Hillside, 190 F. 3d 167, 171 (1999).

While applying the Lewis standard, in Rivas v. City of Passaic, 365 F.3d 181, 195 (3rd Cir. 2004), the 3rd Circuit Court of Appeals held that in a legitimate high-speed chase, where decisions are made "in haste, under pressure, and ... without luxury of a second chance," only an "intent to harm" standard of culpability would shock the conscience. Lewis, 523 U.S. at 853. In contrast, where more time for deliberation is available, the culpability standard is lower. At the lowest end of the culpability spectrum, where the defendant had the opportunity to deliberate about his decision, only deliberate indifference must be proven to show conscience shocking behavior. If the state actor acts with some urgency, but does not need to make a split-second decision, gross negligence or arbitrariness must be

5

shown. <u>Rivas</u>, 365 F. 3d at 195-96. <u>Miller v. City of Philadelphia,</u> 174 F. 3d 368 (3rd Cir. 1999).  Therefore, "there are three possible standards to determine whether a state actor's behavior shocks the conscience: (1) deliberate indifference, (2) gross negligence or arbitrariness, or (3) intent to cause harm." <u>Sanford v. Stiles</u>, 456 F. 3d 298, 306 (3d Cir. 2006). "[W]hen there is sufficient time to deliberate and make an unhurried judgment, deliberate indifference is sufficient. <u>Id</u>. at 310.

Plaintiffs have not alleged Officer Homanko specifically intended to cause them harm.  However, in accordance with <u>Stiles</u>, Plaintiffs have plead facts to support their allegations that Officer Homanko had time to deliberate and that he acted with deliberate indifference, carelessness and recklessness, which include conduct which constitutes gross negligence and arbitrariness. See paragraphs 14, 16, 21-28.

Therefore, Plaintiffs' 'well-pled facts, accepted as true, suffice to demonstrate that Officer Homanko acted with a degree of culpability that "shocks the conscience."  Alternatively, the Plaintiffs should be granted leave to amend the complaint to specifically state that the conduct of Officer Homanko constitutes gross negligence and arbitrariness.

### 3. **Plaintiffs' have sufficiently plead they were foreseeable victims of Officer Homanko's actions.**

As set forth in <u>Kneipp v. Tedder</u> 95 F. 3d 1199 (3rd Cir. 1996) in order to satisfy the third element of a state created danger claim, the plaintiff need only

plead that there "existed some relationship between the state and the plaintiff. The relationship requirement under the state-created danger theory contemplates a degree of contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense." *See,* <u>Kneipp</u>, 95 F. 3d at 1209, n. 22.  Plaintiffs are not required to plead some type of pre-existing or special relationship with Officer Homanko. Rather, the Plaintiffs must only plead that they were foreseeable victims of Officer Homanko's actions, which they have.  It is clearly foreseeable that someone traveling on the same highway as Officer Homanko could be the victim of his conduct of operating his vehicle in excess of 100 mph.  Further, the Plaintiffs were also members of a discrete class of persons subjected to the potential harm brought about by the state's actions, in that, they were the class of people who operate or occupy motor vehicles on highways patrolled by the state actor.  See Complaint paragraphs 21-22, 52.

Therefore, Plaintiffs' 'well-pled facts, accepted as true, suffice to demonstrate that they were foreseeable victims of Officer Homanko's conduct or that they were in a class of people subjected to the potential harm from his conduct.

**4. Plaintiffs have sufficiently plead that Officer Homanko affirmatively used his authority in a way that rendered the Plaintiffs more vulnerable to danger than had the State not acted at all.**

"Though the line between action and inaction may sometimes be unclear, it is 'misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause.'" <u>Kingsmill v. Szewczak</u>, 117 F. Supp.3d 657 (2015) (*quoting* <u>Bright v. Westmoreland Cty</u>, 443 F. 3d at 282). To satisfy the fourth element of the State Created Danger theory of liability, a plaintiff must show: (1) a state actor exercised his authority, (2) the state actor took affirmative action, and (3) that affirmative act created a danger to the plaintiff or rendered the plaintiff more vulnerable to the danger than if the state actor had not acted at all." <u>Id.</u> at 666, (*quoting*, <u>Yee v. United States</u>, 484 F. 3d 634, 639 (3d Cir. 2007) (*citing* <u>Bright</u>, 443 F. 3d at 281-82)).

Here, Officer Homanko clearly used his authority as a police officer and took affirmative action by initiating an unjustifiable and dangerous high-speed chase of a summary traffic offender. Officer Homanko's action of exceeding 100mph at times rendered Plaintiffs more vulnerable to the danger than if he had not acted at all. See complaint paragraph 52. Additionally, Officer Homanko deliberated, appreciated and understood that a high-speed pursuit was not necessary because he radioed ahead to the neighboring police department so they could apprehend the summary traffic offender. Despite this, he pursued the

8

summary traffic offender at a speed in excess of 100 mph. *See*, Complaint

paragraphs13-15.   Plaintiffs' well-pled factual allegations suffice to demonstrate

that Officer Homanko affirmatively used his authority in a way that rendered

Plaintiffs more vulnerable to danger than if he had not acted at all.

### C. **Officer Is Not Entitled to Qualified Immunity as his conduct clearly violated the law.**

As set forth *supra*, Plaintiffs' complaint sets forth a state created danger

theory of liability against Officer Homanko consistent with <u>Lewis</u> and its progeny.

This is not " some open legal question" or some gray area of the law where a

reasonable mistake may have been made by Officer Homanko. High speed pursuits

are only permitted in the most serious of situations, such as pursuing a dangerous

fleeing felon who possess a threat to the public greater than the risks involved in

engaging in the high speed pursuits.   There is absolutely no justification or any

pursuit policy protocol for engaging in a high speed pursuit to apprehend someone

who commits a summary traffic offense, where there is no indication that the

summary offender is otherwise a danger to the public.   As set forth above, Officer

Homanko's actions clearly violate the Plaintiffs' constitutional rights and also

violate the law. His conduct was so egregious that he has been charged with felony

criminal violations by the Pennsylvania Attorney General's office. *See,* Complaint

paragraph 16.

Officer Homanko's conduct was plainly incompetent and a violation of the law.  As such, he is not entitled to qualified immunity.

## IV. CONCLUSION

For these reasons, this Court should not dismiss the federal claims against Officer Homanko.  Alternatively, if the Court finds that the pleadings are not sufficient, Plaintiffs should be permitted leave to amend the complaint to address any insufficiencies.


MERWINE, HANYON & KASPSZYK, LLP


*/s/ Michael B. Kaspszyk, Esquire*
MICHAEL B. KASPSZYK, ESQUIRE
Attorney I.D. # 67507
2642 Route 940
Pocono Summit, PA  18346
(570) 839-8050
mbk@mhkattorneys.com
*Attorney for Plaintiffs*