**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL SAUERS, Individually and  :     No. 3:16cv811
as Administrator of the ESTATE OF  :
CAROLA R. SAUERS, Deceased,   :    **(Judge Munley)**
                  **Plaintiff**  :
                        :
     **v.**                  :
                        :
STEPHEN HOMANKO, BOROUGH OF :
NESQUEHONING, and SEAN SMITH   :
            **Defendants**   :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Plaintiff Michael Sauers (hereinafter "plaintiff") avers that a local police officer violated his and his late wife's civil rights under 42 U.S.C. § 1983 (hereinafter "section 1983") when he lost control of his police cruiser and collided with plaintiff's automobile.  Before the court for disposition is Defendants Borough of Nesquehoning and police chief Sean Smith's (hereinafter "the Borough defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 19).  For the following reasons, the court will grant in part and deny in part the motion.

**Background**

On May 12, 2014, Nesquehoning police officer Stephen Homanko (hereinafter "Defendant Homanko"), on duty in his 2009 Ford Crown

Victoria police cruiser, was travelling in the southbound lane of Route 209 in Nesquehoning, Pennsylvania.  (Doc. 1, Compl. (hereinafter "Compl.") ¶ 10).  At some point, he observed a yellow Dodge Neon commit what he believed to be a potential summary traffic offense in the northbound lane of Route 209.  (Id. ¶ 11).  Based on his observation, Defendant Homanko turned his police cruiser around and pursued the Neon.  (Id. ¶ 12).  To catch up to and apprehend the Neon's driver, Defendant Homanko at times reached speeds over 100 miles-per-hour.  (Id. ¶ 14).  While attempting to negotiate a curve in the road, Defendant Homanko lost control of his police cruiser and collided with a 2007 Toyota Yaris traveling southbound on Route 209 and driven by Plaintiff Michael Sauers.  (Id. ¶¶ 15, 9).  Plaintiff endured extensive injuries as a result of the collision, and his wife, who was travelling in the front passenger seat of the vehicle, died as a result of her injuries.  (Id. ¶¶ 9, 17-18).

On May 6, 2016, plaintiff filed a seven-count complaint against Defendant Homanko and the Borough defendants.  Counts I, II, and III allege civil rights violations under section 1983 against all defendants. Counts IV, V, VI, and VII assert respective Pennsylvania state law negligence, wrongful death, survival, and vicarious liability claims.

On July 28, 2016, the Borough defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 19).  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

As this case is brought pursuant to section 1983 for a violation of plaintiff's constitutional rights, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of Review**

The Borough defendants filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d

663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court need not accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The Borough defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff argues, however, that his

federal civil rights and state law claims are sufficiently alleged.  We first address plaintiff's federal civil rights claims, and then, if necessary, plaintiff's state law claims.[1]

## I. Section 1983 Claims

The Borough defendants first seek to dismiss plaintiff's section 1983 claims stated in Counts I and III of the complaint.  Count I asserts section 1983 supervisory liability and state-created danger claims against Nesquehoning police chief Sean Smith (hereinafter "Defendant Smith").  Count III asserts a section 1983 municipal liability claim against the Borough of Nesquehoning (hereinafter "the Borough").

Section 1983 does not, by its own terms, create substantive rights.  Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Section 1983 states, in pertinent part:

---

[1]  The Borough defendants also move to dismiss plaintiff's claim for punitive damages, arguing that punitive damages are not available against the Borough or against Defendant Smith in his official capacity.  Plaintiff does not challenge this argument in his brief in opposition, and the law provides that such damages are not available.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (holding that punitive damages cannot be awarded against municipalities); Kentucky v. Graham, 473 U.S. 159, 167 n.13 (1985) (determining that suits against individual defendants in their official capacities are equivalent to suits against the municipalities that employed them, and therefore, the individual defendants are immune from punitive damages). Therefore, we will grant the Borough defendants' motion challenging punitive damages.

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to establish a claim under section 1983, two

criteria must be met.  First, the conduct complained of must have been

committed by a person acting under color of state law.  Sameric Corp. of

Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir.1998).  Second, the

conduct must deprive the plaintiff of rights secured under the Constitution

or federal law.  Id.  Here, the parties do not contest whether the Borough

defendants acted under state law.  Rather, the parties disagree as to

whether the Borough defendants deprived plaintiff and his late wife of their

constitutional rights.

The Borough defendants challenge plaintiff's section 1983 claims on

two grounds.  First, they move to dismiss Count I, arguing that plaintiff's

supervisory liability and state-created danger claims against Defendant

Police Chief Smith fail as a matter of law.  Alternatively, the Borough

defendants assert that qualified immunity shields Defendant Smith from

section 1983 liability.  Second, the Borough defendants contend that

plaintiff's municipal liability claim should be dismissed because plaintiff has

6

failed to identify any policy, practice, or custom that caused plaintiff and his late wife's injuries.  We address these arguments in turn.

### A. Supervisory Liability Claim Against Defendant Smith

The Borough defendants first move to dismiss Count I of plaintiff's complaint against Defendant Smith, arguing that plaintiff has failed to state a viable section 1983 supervisory liability claim.  The United States Supreme Court has determined that *respondeat superior* is not a viable theory in section 1983 cases.  Monell v. NYC Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  Rather, supervisory liability can only be imposed in section 1983 claims if that supervisor played an "affirmative part" in the complained-of misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a section 1983 suit–where masters do not answer for the torts of their servants–the term 'supervisory liability' is a misnomer.").

The Third Circuit Court of Appeals has recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations."  Parkell v. Danberg, 833 F.3d 313, 330 (3d

Cir. 2016) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010)) (internal quotations omitted).

Here, the Borough defendants argue that plaintiff has failed to sufficiently plead either theory.[2]  Plaintiff claims that his supervisory claims against Defendant Smith should proceed.  After a careful review, we agree with the Borough defendants.

Supervisors can be held liable under section 1983 if the plaintiff establishes that the supervisor "maintained a policy, practice or custom which directly caused the constitutional harm . . . ."  Parkell, 833 F.3d at 330 (quoting Santiago, 629 F.3d at 129 n.5) (internal quotations omitted). In the instant matter, the Borough defendants argue that Defendant Smith was not a policymaker, and therefore, this theory of liability does not apply to him.  We agree.

The determination as to who is a final policymaker for purposes of section 1983 liability "is ultimately a legal rather than a factual question . . . ."  Santiago, 629 F.3d at 135 n.11 (citing City of St. Louis v. Praprontik 485 U.S. 112, 124 (1988) (plurality)).   To ascertain who is a

---

[2]  The Borough defendants initially argue that plaintiff has failed to establish a constitutional harm.  We previously addressed this issue in our February 14, 2017 memorandum denying Defendant Stephen Homanko's motion to dismiss.  Thus, relying on our analysis from that memorandum, we find that plaintiff has established a constitutional harm.

policymaker, we "must determine which official had final, unreviewable discretion to make a decision or take action." McGreevy v. Stroup, 413 F.3d 359, 369 (3d Cir. 2005) (quoting Kneipp, 95 F.3d at 1213 (internal quotations omitted)).

Notably, the identification of officials who possess final policymaking authority with regard to a given act is an issue of state or local law. See Praprontik, 485 U.S. at 131 (1988). The "full charge and control of the chief of police and the police force" of a borough is statutorily vested with the borough's mayor. 8 PA. STAT. ANN. § 1123.1(a). Significantly, however, "[t]he mayor may delegate to the chief of police or other officer supervision over and instruction to subordinate officers in the manner of performing their duties." 8 PA. STAT. ANN. § 1123.1(c).

Here, plaintiff has failed to plead that the Borough's mayor delegated to Defendant Smith supervision over and instruction to subordinate officers. As mentioned above, such supervision over and instruction to subordinate officers are statutorily vested with the Borough's mayor. Stated differently, final policymaking decisions, supervision, and instruction regarding subordinate officers are statutorily vested with the Borough, not Defendant

Smith.[3]  Thus, plaintiff's supervisory liability claims against Defendant Smith fail as a matter of law.

## B. State-Created Danger Claim Against Defendant Smith

The Borough defendants next move to dismiss Count I of plaintiff's complaint against Defendant Smith, arguing plaintiff has failed to establish a viable section 1983 state-created danger claim.  "Generally, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals."  Sanford v. Stiles, 456 F.3d 298, 303-04 (3d Cir. 2006) (citing DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 198-200 (1989)).  "There are, however, two exceptions to this rule: the 'special relationship' exception and the 'state-created danger' exception."  Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 255 (3d Cir. 2007).  Here, plaintiff argues only the state-created danger exception.

---

[3]  Supervisors can also be held liable under section 1983 if the plaintiff establishes that the supervisor "participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations."  Parkell, 833 F.3d at 330 (quoting Santiago, 629 F.3d at 129 n.5) (internal quotations omitted).  Having already determined that supervisory authority is statutorily vested with the Borough, plaintiff's supervisory liability claim under this "knowledge and acquiescence theory" likewise fails as a matter of law with regard to Defendant Smith.

Under the state-created danger exception, liability under section 1983 can attach "when the harm incurred is a direct result of state action[.]" <u>Ye v. U.S.</u>, 484 F.3d 634, 637 (3d Cir. 2007); <u>see</u> <u>also</u> <u>Kneipp</u>, 95 F.3d at 1210-11.  A plaintiff must establish the following four elements to successfully plead a state-created danger claim:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

<u>L.R.</u>, 836 F.3d at 242 (quoting <u>Bright v. Westmoreland Cty.</u>, 443 F.3d 276, 281 (3d Cir. 2006)).  The Borough defendants challenge the first, third, and fourth factors of plaintiff's state-created danger claim.  We address only the fourth factor, as it is dispositive.

The fourth factor of a state-created danger claim requires plaintiff to establish that Defendant Smith affirmatively used his authority in a way that created a danger to plaintiff and his wife or that rendered plaintiff and his wife more vulnerable to danger than had Defendant Smith not acted at all.

11

L.R., 836 F.3d at 242 (quoting Bright v. Westmoreland Cty., 443 F.3d at
281) (quotations omitted).  In the instant matter, the Borough defendants
argue that plaintiff has failed to plead that Defendant Smith **affirmatively**
used his authority in a way that created a danger.  We agree.

The three conditions necessary to satisfy the fourth factor of a state-
created danger claim are: "(1) a state actor exercised his or her authority,
(2) the state actor took an affirmative action, and (3) this act created a
danger to the citizen or rendered the citizen more vulnerable to danger than
if the state had not acted at all."  Ye, 484 F.3d at 638 (citing Bright, 443
F.3d at 281-82).

Here, with respect to the first element, plaintiff has failed to plead
facts sufficient to establish that Defendant Smith exercised his authority.
As mentioned above, plaintiff has failed to establish that Defendant Smith
had any policymaking authority.  Such authority is statutorily vested in the
Borough's mayor, and plaintiff has not pled that the Borough's mayor
delegated this authority to Defendant Smith.  Defendant Smith, therefore,
could not exercise policymaking authority he has not been alleged to have
inherited.  Additionally, plaintiff has not alleged that Defendant Smith drove
the car at issue.  Thus, plaintiff's state-created danger claim against
Defendant Smith fails as a matter of law.

At this juncture, even viewing plaintiff's allegations as true, we find that plaintiff has failed to allege facts sufficient to establish either a supervisory liability claim or a state-created danger claim against Defendant Smith under section 1983.  Thus, we will grant the Borough defendants' motion to dismiss Count I.[4]

## C. Municipal Liability Against Defendant Nesquehoning Borough

Next, the Borough defendants seek to dismiss plaintiff's section 1983 municipal liability claim.  The United States Supreme Court has determined that a municipality cannot be held liable for the unconstitutional acts of its employees under the theory of *respondeat superior*.  Monell, 436 U.S. at 694.  Indeed, municipal liability attaches only when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation.  Thomas v. Cumberland Cty., 749 F.3d 217, 222 (3d Cir. 2014) (citing Monell, 436 U.S. at 690-91).  A policy may be established in several different ways, including a municipality's failure to train or supervise.  See id.; Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999).  Plaintiff's complaint alleges a section 1983 municipal liability claim against the

---

[4]  Having concluded that plaintiff's section 1983 claims against Defendant Smith fail as a matter of law, we need not address the Borough defendants' argument that qualified immunity shields Defendant Smith from section 1983 liability.

Borough based upon its alleged failure to train and supervise its police officers with regard to police pursuits.

After a plaintiff identifies the "policy" at issue, he must demonstrate causation, that is, that the municipality, through its policy, was the "'moving force' behind the injury." Berg v. City of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000) (quoting Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)).  Where the policy does not facially violate the Constitution, causation is established by demonstrating deliberate indifference to the policy's known or obvious consequences.  Id.  "Failure to adequately screen or train municipal employees can ordinarily be considered deliberate indifference only where the failure has caused a pattern of violations."  Id.  (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

If no pattern of violations exists, the plaintiff bears a high burden to establish deliberate indifference. He must demonstrate that the violation of federal rights was a highly predictable consequence of the municipality's failure to train its employees regarding how to handle recurring situations. Id. The fact that a situation is likely to recur and the predictability that a municipal employee will violate federal rights without adequate training can reflect deliberate indifference.  Id.

Here, plaintiff has alleged facts sufficient to establish municipal liability against the Borough.  Specifically, plaintiff alleges that the Borough failed to train, supervise, and establish an adequate police pursuit policy. (Compl. ¶ 54).  He further avers that the Borough "permitted or acquiesced to a custom of constitutional deprivation with regard to its police officers engaging in high speeds pursuits."  (Id.)  Read in conjunction with plaintiff's factual averments, these allegations may impose municipal liability against the Borough.  As such, we will deny the Borough defendants' motion to dismiss Count III.

## II.  State Law Claims

The Borough defendants also seek to dismiss plaintiff's law claims asserted in Counts V, VI, and VII of the complaint.  Counts V and VI aver respective state law wrongful death and survival claims against all defendants while Count VII asserts a state law vicarious liability claim against the Borough.  We address these claims in turn.

### A. Wrongful Death and Survival Claims

The Borough defendants first seek to dismiss Counts V and VI of the complaint, plaintiff's respective state law wrongful death and survival claims.  Under Pennsylvania law, wrongful death and survival claims are not independent, substantive causes of action; rather, both are derivative of

the underlying tortious acts that resulted in a fatal injury.  <u>Valentino v.</u>

<u>Phila. Triathlon, LLC</u>, 160 A.3d 483, 493 (Pa. Super. Ct. 2016) (citing

<u>Pisano v. Extendiare Homes, Inc.</u>, 77 A.3d 651, 659-60 (Pa. Super. Ct.

2013)); <u>see</u> <u>also</u> 42 PA. CONS. STAT. ANN. §§ 8301(a), 8302.

Here, plaintiff has pled facts sufficient to establish his wrongful death

and survival actions.  Specifically, plaintiff has alleged negligence against

Defendant Homanko in Count IV and vicarious liability against the Borough

in Count VII.  These state law claims constitute underlying tortious acts that

allegedly resulted in plaintiff's wife's fatal injury.  Thus, plaintiff's wrongful

death and survival claims are properly pled as derivative causes of action.

## B. Viability of All State Law Claims

Finally, the Borough defendants move to dismiss all of plaintiff's state

law claims.  This portion of the Borough defendants' motion relies on the

court's dismissal of plaintiff's federal law claims against either or both of

them.  <u>See</u> 28 U.S.C. § 1367(c)(3) ("The district courts may decline to

exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction[.]").  As

mentioned above, plaintiff has failed to plead viable federal claims against

Defendant Smith.  Thus, we will grant the Borough defendants' motion to

dismiss plaintiff's state law claims with respect to Defendant Smith.  As

plaintiff has pled facts sufficient to establish viable federal claims against the Borough, we will deny the motion in all other respects.

**Conclusion**

For the foregoing reasons, the court will grant in part and deny in part the Borough defendants' motion to dismiss.  Specifically, we will grant the motion with respect to Count I and plaintiff's punitive damages claims.  We will deny the motion in all other respects.  Thus, remaining in this case are the following claims: Count II, section 1983 state-created danger claim against Defendant Homanko; Count III, section 1983 municipal liability claim against the Borough; Count IV, state law negligence claim against Defendant Homanko; Count V, state law wrongful death claim against the Borough; Count VI, state law survival claim against the Borough; and Count VII, state law vicarious liability claim against the Borough.  Only Defendant Homanko and the Borough remain as party defendants.  An appropriate order follows.

**Date: <u>March 3, 2017</u>**          **s/ James M. Munley**
                             **JUDGE JAMES M. MUNLEY**
                             **United States District Court**