**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL SAUERS, Individually and as Administrator of the Estate of Carola R. Sauers, | : : : : | Civil No. 3:16-CV-00811 |
| Plaintiff, | : : | |
| v. | : : | |
| BOROUGH OF NESQUEHONING; CHIEF OF POLICE SEAN SMITH; and OFFICER STEPHEN HOMANKO, | : : : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Plaintiff Michael Sauers ("Sauers") filed a complaint alleging that Defendant Borough of Nesquehoning ("Borough") and Defendant Officer Stephen Homanko ("Homanko") violated his and his late wife's civil rights under 42 U.S.C. § 1983 and committed several state law torts when Homanko lost control of his police cruiser and collided with Sauers' automobile. Before the court for disposition is the Borough's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 51.) For the following reasons, the court grants the motion in part and denies the motion in part.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 12, 2014, Homanko, a Borough police officer, was on duty in a police cruiser and travelling in the southbound lane of Route 209 in Nesquehoning,

Pennsylvania.  (Doc. 1, ¶ 10.)  He observed a yellow Dodge Neon commit what he believed to be a summary traffic offense in the northbound lane of Route 209.  (*Id* ¶ 11.)  Based on his observation, Homanko turned his police cruiser around and pursued the Neon.  (*Id.* ¶¶ 12, 14.)  A high-speed pursuit ensued as Homanko attempted to catch up to and apprehend the Neon's driver.  (*Id.* ¶ 14.)  Homanko at times reached speeds of over 100 miles-per-hour.  (*Id.*)  While attempting to negotiate a curve in the road, Homanko lost control of his police cruiser and collided with a 2007 Toyota Yaris traveling southbound on Route 209 and driven by Sauers.  (*Id.* ¶¶ 15, 9.)  Sauers and his wife Carola R. Sauers ("Carola"), who was in the front passenger seat, suffered extensive injuries in the collision, and Carola died as a result.  (*Id.* ¶¶ 9, 17–18.)

On May 6, 2016, Sauers filed a seven-count complaint against Defendants. Counts I, II, and III allege civil rights violations under 42 U.S.C. § 1983 against all Defendants.  Counts IV, V, VI, and VII assert Pennsylvania state law negligence, wrongful death, survival, and vicarious liability claims.

In ruling on a motion to dismiss, the court (Munley, J.) dismissed all claims against Chief of Police Sean Smith and a punitive damages claim.  (Doc. 31.) Homanko also filed a motion to dismiss the federal civil rights causes of action against him on the basis of qualified immunity.  The court (also Munley, J.) denied the motion, but the Third Circuit Court of Appeals reversed, finding that qualified

immunity shields Homanko from liability on the federal causes of action.   *Sauers v. Borough of Nesquehoning*, 905 F.3d 711 (3d Cir. 2018).

After the early motions proceedings and appeal, the remaining causes of action in the case are as follows: Count III – a section 1983 municipal liability claim against the Borough for failure to train; Count V – a state law wrongful death cause of action against the Borough and Homanko; Count VI –a survival claim against the Borough and Homanko; and Count VII – a respondeat superior/vicarious liability claim against the Borough.  On April 15, 2020, the case was reassigned to the undersigned.  On June 12, 2020, the Borough filed a motion for judgment on the pleadings on the state law causes of action, Counts V through VII.  (Doc. 51.)  The parties have briefed their respective positions, and the matter is ripe for disposition.  (Docs. 52, 53, 54, 55.)

## LEGAL STANDARD

The Borough filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  Under Rule 12(c), judgment should be granted where:

> the movant clearly establishes that no material issue of fact remains to
> be resolved and that he is entitled to judgment as a matter of law. In
> considering a motion for judgment on the pleadings, the trial court is
> required to view the facts presented in the pleadings and the inferences

to be drawn therefrom in the light most favorable to the nonmoving
party.  In this fashion the courts hope to insure that the rights of the
nonmoving party are decided as fully and fairly on a rule 12(c) motion,
as if there had been a trial.

*Inst. for Scientific Info., Inc. v. Gordon & Breach Sci. Publishers, Inc.*, 931 F.2d

1002, 1004 (3d Cir. 1991) (citing *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045,

1054 (3d Cir. 1980); 5C Charles A. Wright & Arthur R. Miller, FED. PRACTICE

AND PROCEDURE, § 1367, at 205 (3d ed. 2004)).

Thus, judgment on the pleadings will be granted where the movant clearly

establishes no material issue of fact and entitlement to judgment as a matter of law.

*Id.*;  *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d

Cir.1988) (quoting *Society Hill Civic Ass'n*, 632 F.2d at 1054).

A court deciding a motion under Rule 12(c) "must 'view the facts presented

in the pleadings and the inferences to be drawn therefrom in the light most

favorable to the non-moving party.'"  *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d

214, 220 (3d Cir. 2001) (quoting *Inst. for Scientific Info.*, 931 F.2d at 1004).

## DISCUSSION

The Borough's motion raises two issues: (1) whether it is immune from

liability on the state law causes of action pursuant to the Pennsylvania Political

Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541 *et seq.* ("PSTCA");

and (2) whether it is obligated to defend and indemnify Homanko.[1]  The court will address each issue in turn.

### A. The Pennsylvania Political Subdivision Tort Claims Act

Initially, the Borough argues that it is shielded from damages in this case pursuant to the PSTCA, which generally provides governmental immunity for damages caused by a local agency or its employees.  Specifically, the PTSCA states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  42 PA. CONS. STAT. ANN. § 8541.  The statute provides eight exceptions, to the general immunity rule.  *Id.* § 8542(b).[2]  These exceptions only apply, however, if the two following conditions are satisfied:

> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

---

[1] Sauers raises a third issue in responding to the Borough's motion.  That issue is whether the Borough has standing to seek dismissal of claims asserted by Homanko.  The Borough clarifies in its reply brief, however, that its motion applies only to itself and not to Homanko.  (Doc. 55, p. 2.)  As the parties agree that the motion should apply only to the Borough, the court need not address the issue of whether the Borough has standing to raise issues on behalf of Homanko.

[2] The following may impose liability upon a local agency: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.  42 PA. CONS. STAT. ANN. § 8542(b).

> (2) The injury was caused by the negligent acts of the local
> agency or an employee thereof acting within the scope of his
> office or duties with respect to one of the categories listed in
> subsection (b). As used in this paragraph, "negligent acts" shall
> not include acts or conduct which constitutes a crime, actual
> fraud, actual malice or willful misconduct.

*Id.* § 8542(a).

Accordingly, one of the requirements for an exception to governmental immunity to apply is that the injury be caused by the negligent act of the local agency or its employee. The term "negligent act" does not include acts that are a "crime, actual fraud, actual malice or willful misconduct." *Id.* Thus, if the injury is caused by the "crime" of an employee, then liability does not attach to the local agency. The Borough argues that this is the situation here. Homanko committed crimes regarding the highspeed pursuit, which resulted in the accident, and it cannot be held liable for Homanko's criminal behavior. After a careful review, the court agrees.

It is undisputed by the parties that Homanko pleaded guilty to the following crimes regarding the incident: homicide by vehicle, recklessly endangering another person, driving on right side of roadways and careless driving. (Doc. 52-2.)[3] It appears from the plain language of the PSTCA statute that because

---

[3] As this guilty plea is a matter of public record we may rely upon it in deciding the instant motion even though is it not a "pleading". *See Germinaro v. Fidelity Nat. Title Ins.* Co., 107 F. Supp. 3d 439, 449 (W.D. Pa. 2015) (indicating that in ruling on a Rule 12(c) motion, "federal courts may consider the pleadings and any attached exhibits, undisputedly authentic documents

Homanko's conduct which caused the injury was criminal, then the Borough is immune from suit.

Sauers argues, however, that the criminal acts of a municipal employee only shield the municipality from liability if the criminal acts are comprised of willful and intentional conduct. Here, Homanko's crimes were negligent and reckless, not intentional – no claim exists that he intentionally caused the accident. Therefore, because Homanko did not engage in willful and intentional conduct, the fact that he committed "crimes" does not shield the Borough from liability according to Sauers.

Sauers argues that despite the plain language of the statute itself: "There does not appear to be any caselaw which states the mere commission of any crime by a police officer triggers the exclusion to imposing liability upon the local agency found at 42 Pa.C.S.A. § 8542(a)(2). Rather, the focus in all the cases relied upon by the Borough is always upon whether the conduct of the employee was willful or intentional." (Doc. 53, p. 9.)[4] Sauers is correct in pointing out that none of the cases cited by the Borough state that the mere commission of a crime by an employee triggers the exclusion to imposing liability upon a local agency. That

---

attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record.") No party objects to the use of the records regarding Homanko's guilty plea. Nor does Homanko contest the fact the he did plead guilty to these crimes.

[4] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

was not the issue presented in any of the cases, however, and it is not the reason that the Borough cited to them.

Sauers specifically discusses four cases cited by the Borough.  The Borough cites to two of these cases for the proposition that Homanko can be liable individually even if the Borough is immune.  *See Pelzer v. City of Phila.*, 656 F. Supp. 2d 517, 540 (E.D. Pa. 2009); *M.U. v. Downingtown High Sch.*, 103 F. Supp. 3d 612, 630 (E.D. Pa. 2015).  Sauers agrees that Homanko can be individually liable even if the Borough is immune.  (Doc. 53, p. 8.)   Thus, Sauers and the Borough agree with regard to the proposition for which these cases are cited.

The other two cases that the Borough cites and which Sauers discusses are *Vargas v. City of Philadelphia*, 783 F.3d 962, 975 (3d Cir. 2015), and *Palmer v. Bartosh*, 959 A.2d 508, 512 n.3 (Pa. Commw. Ct. 2008).  The Borough cites to these cases, perhaps unnecessarily in light of the clear language of the statute, for the proposition that the PSTCA provides immunity to local agencies from the criminal behavior <u>or</u> willful misconduct of its employees.  These cases do support that contention, although neither specifically deals with criminal behavior.  *See Vargas*, 783 F.3d at 975; *Palmer*, 959 A.2d at 512 n.3.

Sauers argues that these cases support his position that the court must analyze the employee's action, even if it is criminal, to determine whether the conduct is willful misconduct.  However, these cases do not come to this

conclusion.  They do not discuss criminal behavior because, evidently, the employees in those cases were not convicted of crimes.  Instead, the courts analyzed the facts to determine if the employees engaged in willful misconduct. Sauer's reliance on these opinions is misplaced given the facts of this case.[5]

As stated above, the Borough generally does not rely on caselaw to support its position, but rather the language of the statute itself.   To the extent that Sauers challenges the plain language of the statute, we must determine if his construction of the statute or the Borough's competing construction of it is correct.  In construing a statute, the court must begin with the plain language of the statute's provisions.  1 PA. CONS. STAT. ANN. § 1921(a).  The Pennsylvania Supreme Court has explained the manner in which to construe Pennsylvania's statutes as follows:

> The best indication of legislative intent is the plain language of the statute. *Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.*, 646 Pa. 339, 185 A.3d 282, 290–91 (2018).   In ascertaining the plain meaning, we consider the statutory language in context and give words and phrases their "common and approved usage." *Commonwealth by Shapiro v. Golden*

---

[5] The Borough also cites to cases which indicate that reckless acts are non-negligent.  Thus, even if the statute did not explicitly exclude crimes from its definition of negligence, the crimes of which Homanko was convicted would nonetheless fall outside Pennsylvania's definition of negligence, and governmental immunity would still apply.  *See Commonwealth v. Martir*, 712 A.2d 327, 328 (Pa. Super. Ct. 1998) (explaining that "[t]he *mens rea* required for [recklessly endangering another person] is a conscious disregard of a known risk of death or great bodily harm to another person."); *Commonwealth v. Wanner*, 605 A.2d 805, 810 (Pa. Super. Ct. 1992) (holding that ordinary negligence will not sustain a conviction for the offense of homicide by vehicle); *see also*, *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. Ct.) (explaining that recklessness requires a conscious action or in action whereas negligence involves unconscious inadvertence).

> *Gate Nat'l Senior Care LLC*, 648 Pa. 604, 194 A.3d 1010, 1027
> (2018).   When statutory language is clear and unambiguous,
> courts must give effect to the words of the statute and must not
> disregard the text to implement its objective. *Id.*; 1 Pa.C.S. §
> 1921(b).   "Only if the statute is ambiguous, and not explicit, do
> we resort to other means of discerning legislative intent."
> *Millcreek Twp. Sch. Dist.*, 185 A.3d at 291; 1 Pa.C.S. § 1921(c).

*Roverano v. John Crane, Inc.*, 226 A.3d 526, 535 (Pa. 2020).

Thus, we must determine if the language of the statute is ambiguous or clear

and unambiguous. The statute indicates that a local agency will be liable for the

"negligent acts" of its employees.  42 PA. CONS. STAT. ANN. § 8542(a).  The

definition of "negligent acts" excludes certain conduct.   Specifically, "negligent

acts" is defined as follows: "As used in this paragraph, 'negligent acts' shall not

include acts or conduct which constitutes a crime, actual fraud, actual malice or

willful misconduct."  *Id.*  The language is clear and unambiguous; acts or conduct

which constitute a crime are not "negligent acts" under the statute and

governmental immunity shields the Borough from liability.

Sauers argues that willful misconduct must be a part of the crime, but such a

construction of the statute is untenable.  The disjunctive "or" is used to separate the

various types of conduct which are excluded from the definition of "negligent

acts."  The Pennsylvania Superior court has explained that "[o]ur state appellate

courts have consistently held that when 'applying [the] normal rules of statutory

construction, [the] presence of disjunctive word "or" in [a] statute indicates that

elements of statute are met when any particular element is satisfied, regardless of whether other elements are also met.' *See Wagner v. Wagner*, 887 A.2d 282, 286 (Pa. Super. Ct. 2005). *See also Ben. Consumer Disc. Co. v. Vukman*, 621 Pa. 192, 77 A.3d 547, 555 (2013)." *Frempong v. Richardson*, 209 A3d 1001, 1010 (Pa. Super. Ct. 2019). Thus, for governmental immunity to apply, the employee's acts must be a crime *or* willful misconduct, inter alia, but it does not have to be both as Sauers argues.

Accordingly, because Homanko's conduct in causing the injury at issue amounted to a crime, the Borough is shielded by governmental immunity on Counts V, VI, and VII. The motion for judgment on the pleadings will thus be granted with regard to these counts.

## B. Indemnification of Homanko

Next, the Borough argues that not only are they immune from vicarious liability for Homanko's actions, but they have no obligation to indemnify or defend Homanko.[6] In effect, the Borough seeks a declaratory judgment that it is not required to indemnify or defend Homanko. This issue, however, is not properly before the court. The pleadings do not raise these issues. Indemnification and

---

[6] The Borough identifies the issue as whether they have the duty to indemnify and defend Homanko. (Doc. 52, p. 4.) The substance of the brief, however, only addresses the duty to indemnify. The Borough's brief regarding this issue is incomplete because the duty to defend is separate from and broader than the duty to indemnify. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 n.7 (Pa. 2006).

providing a defense are issues between two of the defendants, the Borough and

Homanko.  No declaratory judgment has been filed regarding these issues, nor has

Homanko filed a cross-claim seeking indemnification.[7]

The duty to defend and indemnify may be raised in a declaratory judgment

action.  *Penn-America Ins. Co. v. Peccadillos, Inc.*, 27 A.3d 259, 265 (Pa. Super.

Ct. 2011).   Moreover, "an indemnity claim may be asserted in a separate action by

a cross-claim if both indemnity parties are named as defendants in the original

action or by bringing the other indemnity defendant into the lawsuit by impleader

or a similar procedure."  Barry A. Lindahl, MODERN TORT LAW: LIABILITY AND

LITIGATION § 19:2 (2D ED.) JUNE 2020 UPDATE (footnotes omitted).  The matter

before the court is a motion for judgment on the pleadings regarding Sauers'

claims against the Borough and Homanko.  It is not a declaratory judgment action

between Homanko and the Borough. The pleadings which are before the court do

not raise the issue of indemnification in a cross-claim or any other manner.

Procedurally, therefore, this issue is not properly before the court, and the

Borough's motion on this issue will be denied.  The court will deny this issue

---

[7] An issue as to the ripeness of the indemnification issue is also present.  The interests of the Borough and Homanko are not yet adverse because the financial liability of Homanko has not yet been determined.  Generally, courts should refrain from determining a duty to indemnify until the indemnitee is found liable.  *American State Ins. Co. v. Component Techs., Inc.*, 420 F. Supp. 2d 373, 374 (M.D. Pa. 2005).

without prejudice so that the Borough may raise it in the proper forum at a more appropriate time.

### CONCLUSION

Based upon the above analysis, the Borough's motion for judgment on the pleadings will be granted with regard to Counts V through VII and denied in all other respects. Remaining in the case are Counts III (the section 1983 failure to train claim against the Borough) and Counts V and VI (the wrongful death and survival actions as against Homanko). An appropriate order follows.


s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 21, 2020